UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------------------------X

| | |
|---|---|
| MICHAEL MARTINO, | CIVIL ACTION |
| Plaintiff | NO. 3:02CV0009(WIG) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | NOVEMBER 15, 2004 |

------------------------------------------------X

## JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**:

   Scott E. Perry, Esq.
   George J. Cahill, Jr., Esq.
   CAHILL, GOETSCH & MAURER P.C.
   Attorneys for Plaintiff
   43 Trumbull Street
   New Haven, Connecticut  06511
   (203)777-1000


   Robert O. Hickey, Esq.
   RYAN, RYAN, JOHNSON & DELUCA, LLP
   Attorneys for Defendant
   80 Fourth Street
   P.O. Box 3057
   Stamford, Connecticut 06905
     (203) 357-9200

2. **JURISDICTION**: This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 and 28 U.S.C. § 1331. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

3. **JURY/NON-JURY**: This is a jury case.

4. **NATURE OF CASE**: Pursuant to the FELA, 45 U.S.C. Section 51 et seq., the plaintiff brings this action for damages against the defendant Railroad for personal injuries suffered by him while in the employ of the defendant Railroad. The plaintiff asserts that his injuries were caused in whole or in part by the negligence of the defendant Railroad.

The plaintiff claims damages for lost earnings and benefits, and pain, suffering and mental anguish.

5. **STIPULATIONS OF FACT AND LAW**

The defendant, Metro-North, is a railroad corporation duly established by law, and having a usual place of business in New Haven, Connecticut.

The defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

At the time the plaintiff received the injuries complained of he was employed by the defendant Railroad.

At the time the plaintiff received the injuries complained of the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

6. **PLAINTIFF'S CONTENTIONS**

The plaintiff Michael Martino brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for personal injuries he sustained as the result of the defendant Metro-North's negligence. At approximately 9:00 a.m. on February 26, 1999 while working as a train engineer in New Haven, Connecticut, the defendant failed to provide him with a safe place to work and caused the plaintiff to sustain a severe lumbar sprain. Mr. Martino claims lost wages and benefits as well as pain, suffering, and mental anguish.

7. **DEFENDANT'S CONTENTIONS**

The defendant denies that it was negligent or that it failed to provide the plaintiff with a safe place to work. The defendant denies that the incident occurred in the manner in which the plaintiff claims it did. The defendant contends that if the plaintiff fell as alleged, the fall was caused by his own negligence and carelessness.

8. **LEGAL ISSUES**

The legal issues are set forth in the parties' proposed jury instructions.

9. **VOIR DIRE QUESTIONS**

Plaintiff's and Defendant's Voir Dire Questions are attached hereto.

## 10(a) WITNESSES PLAINTIFF INTENDS TO CALL

**Michael Martino** of 363 Contour Drive in Cheshire, CT will testify about the circumstances and events surrounding his February 26, 1999 accident. He will also testify about the duties and earnings of a Metro-North engineer. He will also testify about the medical treatment he received, his rehabilitation efforts, his pain and suffering, his loss of enjoyment of life's activities, and his lost wages, and benefits including overtime wages and medical costs. (1-2 hours direct testimony).

**Kandiah Sritharan, M.D**. of 980 Whalley Ave., New Haven, CT is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, and course of treatment for the plaintiff, as well as the plaintiff's prognosis, disability, and causation. (1 hour direct)

**Frederick Chidester**, Metro-North's District Superintendent of 25 Lester St., Milford, CT is expected to testify about the facts and circumstances surrounding the accident, the New Haven Yard and Metro-North's snow and ice removal and/or mitigation practices and portions of his deposition testimony. (30 minute direct)

**Thomas Lemme**, Metro-North's Physician's Assistant of 337 Yale Road, Garden City South, New York is expected to testify about his examinations of the plaintiff, his decision to allow the plaintiff to return to work and his deposition testimony. (30 minute direct)

**Jack Swanberg**, Metro-North's former Lead Trainmaster in New Haven of 402 Plymouth Colony in Branford, CT is expected to testify about the facts and circumstances surrounding the accident, his investigation of the accident and his deposition testimony. (30 minute direct)

**(b) Witnesses The Plaintiff May Call**

**Genevieve Mundy,** Metro-North's claim agent of an unknown address is expected to testify about her investigation of the accident and the photograph she took of the accident location on the day of the accident. (10 minute direct)

**John O'Brien and/or Marc Warman M.D.**, of 1450 Chapel St., New Haven, CT is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, and course of treatment for the plaintiff, as well as the plaintiff's disability, prognosis, and causation. (1 hour direct)

**Thomas Arkins, M.D**. 60 Temple St., New Haven, CT is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, and course of treatment for the plaintiff, as well as causation. (1 hour direct)

**Member of Metro-North's Benefits Department**, to testify about the plaintiff's rate of pay and benefits, including matching pension contributions and vacation pay. (Only if the defendant refuses to stipulate re: same).

*Plaintiff reserves the right to call any witnesses identified by defendant.*

*Plaintiff reserves the right to call additional witnesses for purposes of rebuttal or impeachment.*

### 10(b)  LIST OF WITNESSES BY DEFENDANT METRO-NORTH.

The defendant reserves the right to call all of the witnesses listed by the plaintiff. The defendant also reserves the right to call witnesses for the purpose of impeachment or rebuttal. In addition, the defendant may call the following witnesses:

**Michael Walsh**, Metro-North conductor, is expected to testify regarding the facts and circumstances surrounding the incident.
(The plaintiff objects to use of this witness because he was not disclosed in Metro-North's interrogatories or any supplemental disclosures as a witness. The plaintiff requested Metro-North make Mr. Walsh available for a thirty-minute deposition in the event they intend to use him as a witness at trial for any purpose. Metro-North's counsel has not yet decided what Metro-North's position is with respect to a deposition.)

**Bill Crosby**, Metro-North assistant conductor, is expected to testify regarding the facts and circumstances surrounding the incident.

**Dr. James Donaldson** is expected to testify in accordance with his report which has been previously disclosed.

**Sherri Herrington**, is expected to testify regarding the job responsibilities and physical demands of an engineer.

**11 (A) <u>Plaintiff's List of Exhibits:</u>**

Ex. 1:  Photograph of accident area (Taken by Jill Mundy).

Ex. 2:  Metro-North's Supervisor's Injury Report (4 pages).

Ex. 3:  Map of New Haven Yard.

Ex. 4: Metro-North MD 40 dated July 6, 1999

Ex. 5: Metro-North MD 40 dated November 30, 1999

Ex. 6: December 2, 1999 Return To Work Slip - Dr. Sritharan

Ex. 7: December 7, 1999 Metro-North Med. Progress Note

Ex. 8: Metro-North MD 40 dated December 7, 1999

Ex. 9: NOAA, National Climatic Data Center - February 1999 Local Climatological Data Bridgeport, CT; Sikorsky Memorial Airport (8 pg.)

(Defendant objects per F.R.E. 802)

Ex. 10: Two Photographs of Train Engineer's Seat/Compartment

Ex. 11:  Portions of Defendant's October 11, 2002 Interrogatory Responses.

Ex. 12:  Portions of Frederick Chidester's 4/2/2003 Dep. Tr.

Ex. 13:  Portions of Ann M. Finegan's April 2, 2003 Dep. Tr.

(Defendant objects per F.R.E. 402 and 403)

Ex. 14:  Portions of Thomas Lemme's February 12, 2003 Dep. Tr.

Ex. 15:  Most of Jack Swanberg's February 6, 2003 Dep. Tr.

Ex. 16:  Portions of Bill Crosby's Dep. Tr.

*Plaintiff reserves the right to introduce any exhibits identified by defendant, and reserves the right to use additional exhibits for purposes of rebuttal or impeachment*

**11(b) <u>LIST OF EXHIBITS BY DEFENDANT METRO-NORTH</u>**

The defendant reserves the right to introduce all the exhibits listed by the plaintiff. The defendant also reserves the right to introduce exhibits for impeachment or rebuttal. In addition, the defendant may introduce the following exhibits:

Ex. A.  Plaintiff's September 3, 1999 FELA complaint;
(Plaintiff objects per F.R.E. 402 and 403)

Ex. B.  Dr. Sritharan's chart, or portions thereof;
(Plaintiff objects per F.R.E. 802 and depending on which portions are offered may object per 402 and 403)

Ex. C.  St. Raphael's MRI report;

Ex. D.  Dr. Arkins' chart, or portions thereof;
(Plaintiff objects per F.R.E. 802 and depending on which portions are offered may object per 402 and 403)

Ex. E.  Dr. Warman's chart, or portions thereof;
(Plaintiff objects per F.R.E. 802 and depending on which portions are offered may object per 402 and 403)

Ex. F.  Dr. Luchini's chart, or portions thereof;
(Plaintiff objects per F.R.E. 402, 403 and 802)

Ex. G.  Plaintiff's complete Physical Therapy chart, or portions thereof;
(Plaintiff objects per F.R.E. 802 and depending on which portions are offered may object per 402 and 403)

Ex. H.   Plaintiff's Metro-North personnel file or portions thereof;
(Without identifying specific portions defendant intends to offer (there are over 1,100 pages in his personnel file) the plaintiff is unable to determine in detail which objections, if any, are warranted but hereby objects per F.R.E. 402, 403, 602, and 802)

Ex. I.   Plaintiff's Metro-North Medical Department file, or portions thereof;
(Without identifying specific pages of the hundreds of pages of records in his file, the plaintiff reserves the right to object per F.R.E. 402, 403, 602, and 802)

Ex. J.   Medical Examination form filled out and signed by the plaintiff on Nov. 22, 2002;

Ex. K.   Medical Examination form filled out and signed by the plaintiff on Dec. 11, 2002;

Ex. L.   Metro-North Job Description Sheet, Engineer;

Ex. M.   Dr. Turkalo's chart or portions thereof;
(Plaintiff objects per F.R.E. 402, 403 and 802 - these records are over 15 years old)

Ex. N.   Photographs of alleged accident scene.
(Said photographs were not produced until October of 2004 and plaintiff objects per F.R.E. 402, 403 and failure disclose in a timely manner. Metro-North agreed to produce Bill Crosby (the apparent source of the information leading to the photographs) for a deposition on the Tuesday before jury selection. In the event the deposition occurs, the plaintiff will withdraw his objection of untimely disclosure and may withdraw his 402 and 403 objections.)

## 12. DEPOSITION TESTIMONY

The parties anticipate all witnesses will be available to testify at trial in person.

## 13. REQUEST FOR JURY INSTRUCTIONS.

Plaintiff's and Defendant's Request for Jury Instructions are attached hereto.

## 14. ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE.

**Defendant's Contention re: Wage Loss:**

The defendant objects to the plaintiff's claim of his gross wage loss. The United States Supreme Court has made it quite clear that the compensable losses in an FELA suit are the net after-tax wages. Norfolk and Western Railway Company v. Liepelt, 444 U.S. 490, 62 L.Ed. 2d 589, 100 S.Ct. 775 (1980). "It is his after-tax income, rather than his gross income before taxes, that provides the only realistic measure of his ability to support his family. It follows inexorably that the wage earner's income tax is a relevant factor in calculating the monetary losses suffered . . . " Id. 62 L.Ed.2d 693-694. Because the plaintiff's recovery in this case (assuming there is one) will not be taxed, the plaintiff should not be allowed to present a gross wage loss to the jury. To do so would require the jury to speculate at to his actual loss, i.e, the jury would have to apply a discount for taxes without knowing what tax bracket the plaintiff was in at the time he suffered the losses. The better reasoned approach is to constrain the plaintiff to presenting a reasonable estimate of his net lost wages.

**Plaintiff's Response re: Wage Loss:**

The Second Circuit has made it very clear when a defendant in a personal injury case is entitled to a net wage loss or after-tax wage loss jury instruction. In the words of the Second Circuit:

> "for the future guidance of the District Courts and Trial Bar, we hold that a defendant confronted with a claim for future lost wages is entitled to an after-tax charge based on *Liepelt* when there is present in the record a stipulation of future taxes; or evidence of future taxes; or evidence of past taxes, in which event the jury should be instructed that it is entitled to assume a future tax amount or tax percentage of wages comparable to the past tax years."

*Fanetti v. Hellenic Lines Ltd.*, 678 F.2d 424, 432 (2nd Cir. 1982). Obviously, the amount of withholding from a paycheck is <u>not</u> evidence of actual past taxes paid since refunds or additional taxes are required despite withholding.

Here, the defendant Metro-North has not satisfied any of the criteria laid down by the Second Circuit in *Fanetti* and accordingly as a matter of law is not entitled to a net wage loss or after-tax wage loss for jury instructions regarding lost wages.

### 15. <u>PROPOSED FINDINGS AND CONCLUSIONS</u>.

Not Applicable.

### 16. <u>TRIAL TIME</u>

The parties anticipate the trial will last 3 days.

### 17. <u>FURTHER PROCEEDINGS</u>.

There are no pending motions.

### 18. <u>TRIAL BY MAGISTRATE JUDGE</u>.

The parties consented to a trial before a Magistrate Judge.

FOR THE PLAINTIFF, MICHAEL MARTINO


By _____/s/ Scott Perry/_____
Scott E. Perry, Esq. (ct17236)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
(203) 777-1000

FOR THE DEFENDANT, METRO-NORTH
RAILROAD COMPANY

By_____
Robert O. Hickey (ct19555)
RYAN, RYAN, JOHNSON & DELUCA, LLP
80 Fourth Street
P.O. Box 3057
Stamford, Connecticut 06905
(203) 357-9200