UNITED STATES DISTRICT COURT

DISTRICT OF CONNETCUT

_____X

MICHAEL MARTINO,                              CIVIL ACTION

    Plaintiff                                        NO. 3:02CV0009 (WIG)

VS.

METRO-NORTH RAILROAD COMPANY,

    Defendant                                     November 15, 2004

_____X

### PLAINTIFF'S PROPOSED JURY CHARGES

These Proposed Charges are based on the plaintiff's present understanding of the case and he reserves the right to submit additional proposed charges.

**OVERVIEW**

The plaintiff, Michael Martino, brings this action against the defendant, Metro-North Railroad Corporation to recover damages for injuries he claims to have suffered as a result of an accident that occurred on February 26, 1999.

Mr. Martino alleges the railroad was negligent in that it failed to provide him with a reasonably safe place to work and that the railroad's negligence caused him to fall and suffer injuries to his back.

**FELA**

The plaintiff brings this action against the defendant railroad under the Federal Employers' Liability Act or FELA. That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas.

The purpose "of the FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions."[1]

---

[1] Kozar v. Chesapeake and Ohio Ry. Co., 320 F. Supp. 335, 387 (WD Mich. 1970), aff'd in part and vacated in part on other grounds, 449 F.2d 1238 (6th Cir. 1971). See House Judiciary Com. Rep., H.R. Rep. No. 1386, 60th Cong., 1st Sess., 42 Cong. Rec. 4434 et seq. (1908), Sinkler v. Missouri P. R. Co., 356 U.S. 326, 329-30 (1958), and Kernan v. American Dredging Co., 355 U.S. 426, 431-33 (1958).

**ELEMENTS**

In order to find the defendant liable to the plaintiff under the FELA statute, you must find by a preponderance of the evidence:

First, that the defendant is a railroad engaged in interstate commerce;

Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that the defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.[2]

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them.[3]

**NEGLIGENCE**

The third element is whether the defendant or its employees or agents were negligent.

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.[4]

Negligence is simply the failure to use the same degree of care that a person or ordinary prudence would use in the circumstances of a given situation. It can be the doing of something that a reasonably prudent person would not have done or failing to do something that a reasonably prudent person would have done under the circumstances.[5]

---

[2] Williams v. Long Island Railroad, Co., 196 F.3d 402, 406 (2nd Cir. 1999); Ulfik v. Metro-North Commuter Railroad, Co., 77 F.3d 54, 58 (2nd Cir. 1996); Smith v. National Railroad Passenger Corp., 856 F.2d 467, 469 (2d Cir. 1988).

[3] Sand, 4 Federal Jury Instructions, § 89-2 (1993).

[4] Sand, 4 Modern Federal Jury Instructions, § 89-8 (1993).

[5] Sand, 4 Modern Federal Jury Instructions, §89-9 (1993).

**DUTY TO GUARD AGAINST FORESEEABLE RISKS**

This definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.[6]

How do you determine whether the defendant railroad knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant railroad failed to take such reasonable precautions, then you may find that the defendant railroad was negligent.[7]

---

[6] Sand, 4 Modern Federal Jury Instructions, § 89-10 (1993), Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108, 120-21 (1963).

[7] Sand, 4 Modern Federal Jury Instructions, § 89-11 (1993).

**NOTICE**

The railroad has a continuing duty to exercise reasonable care to maintain its premises in a reasonably safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and to discover any defect which would render such premises reasonably unsafe. Actual notice is such notice as is proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him on inquiry. Constructive notice is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him a duty of inquiring into it. [8]

**DUTY TO INSPECT**

This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.[9] The railroad has an affirmative duty to make adequate inspections on all of its property to discover dangers and will be held to have constructive notice of dangers which could have been discovered but were not because of failure to conduct reasonable inspections. [10]

---

[8] McKee v. New York Central R.R. Co., 355 F.2d 165, 166 (6th Cir. 1066)

[9] Sand, 4 Modern Federal Jury Instructions, §89-15 (1993); Cazad v. C & O, 622 F.2d 72, 76 (4th Cir. 1980); Shenker v. Baltimore & O Ry. Co., 374 U.S. 1, 7-8, 83 S.Ct. 1667 (1963); Nivens v. Southwestern Ry. Co., 425 F.2d 114, 120 (5th Cir.), cert. denied, 114 U.S. 879 (1970).

[10] Webb v. Ill. C.R. Co., 352 U.S. 512; Shenker v. Balt & Ohio R.R. Co., 374 U.S. 1; Almendarez v. A.T. & S.F. R.R. Co., 426 F.2d 1095 (5th Cir. 1970); Williams v. Atlantic Coast Line R.R. Co., 190 F.2d 744 (5th Cir. 1951); Beattie v. Elgin & I & E. R. Co., 217 F.2d 863 (7th Cir. 1954).

**DUTY TO PROVIDE SAFE PREMISES**

The Railroad has a duty under the FELA to provide its employees with reasonably safe, suitable and adequate premises. Liability may be imposed for injuries resulting from premises that are not reasonably safe due to design or lack of maintenance.[11]

**DUTY TO PROVIDE SAFE PLACE TO WORK**

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work.[12]

**NON-DELEGABLE DUTY TO PROVIDE SAFE PLACE TO WORK**

The Railroad's duty to provide its employees with a safe place to work is non-delegable, that is, it cannot be passed to another corporate entity or individual. This is so despite the fact that the Railroad may not own, control or be under the primary obligation to maintain the premises on which the employee is injured. The Railroad is not relieved from liability because of the existence of an unsafe condition was brought about through the act of a third party and without fault on the Railroad's part. The Railroad cannot legally delegate, that is pass its duty to another and escape liability to its employee.

---

[11] Shenker v. Balt. & O. R. Co., 374 U.S. 1, 8-9 (1963); Ragsdell v. So. Pac. Transp. Co., 688 F.2d 1281, 1282 (9th Cir. 1982).

[12] Sand, 4 Modern Federal Jury Instructions, § 89-13 (1993).

Under the FELA the employer is the one owing the duty to the employee. The employee need not look elsewhere for his protection. He has the right to rely on his employer and none other. When the employer abdicates, or gives up its duty or control over the premises or the situation, the employer takes the risk, not the employee.[13]

## CONTINUING DUTY

The defendant railroad's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.[14]

## NEGLIGENCE SUMMARY

To summarize, if you find by a preponderance of the evidence that the defendant railroad failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work or with reasonably safe work conditions, or failed in any other way to exercise reasonable care in the circumstances, you may find that the defendant was negligent.[15]

---

[13] Payne v. Baltimore & Ohio R.R. Co., 309 F.2d 546, 549 (6th Cir. 1962), cert. denied, 374 U.S. 827, 10 L. Ed. 2d 1051; Schiller v. Penn Central R. R. Co., 509 F.2d 263, 269 (6th Cir. 1975); Shenker v. Balt. & Ohio R.R. Co., 374 U.S. 1, 8-9 (1963).

[14] Sand, 4 Modern Federal Jury Instructions, §89-16 (1993); Shenker v. Baltimore & O Ry. Co., 374 U.S. 1, 7-8, 83 S.Ct. 1667 (1963); Nivens v. Southwestern Ry. Co., 425 F.2d 114, 120 (5th Cir.), cert. denied, 114 U.S. 879 (1970).

[15] Sand, 4 Modern Federal Jury Instructions, § 89-21 (1993).

**CAUSATION**

Another element to be determined is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?[16] However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the railroad's negligence played any part, no matter how slight, in causing an injury to the plaintiff.[17]

**EMPLOYEE'S RIGHT TO ASSUME**

An employee has the right to assume that the railroad has taken reasonable precautions to eliminate potential hazards at the work site.[18]

**DAMAGES**

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the railroad's negligence:

(a) You may include in your verdict the plaintiff's loss of earnings shown by the evidence in the case to be proximately caused by the injuries as a result of the incident in question to the present.

---

[16] Williams v. Long Island Railroad, Co., 196 F.3d 402, 406 (2nd Cir. 1999); Ulfik v. Metro-North Commuter Railroad, Co., 77 F.3d 54, 58 (2nd Cir. 1996); Smith v. National Railroad Passenger Corp., 856 F.2d 467, 469 (2d Cir. 1988).

[17] Sand, 4 Modern Federal Jury Instructions, § 89-22 (1993).

[18] Cazad v. C & O, 622 F.2d 72, 75 (4th Cir. 1980).

(b) You may include in your verdict the plaintiff's lost fringe benefits and pension benefits from the date of the accident to the present.[19]

(c) In awarding damages, you may take into consideration any medical expenses which you find from the evidence the plaintiff has incurred as a result of the injuries received in this accident.

(d) In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by him and proximately resulting from the injuries in question.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life. The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff in this regard.[20]

**AWARD IS NOT TAXABLE**

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[21]

---

[19] Sand, Modern Federal Jury Instructions, § 89-33 (1987).

[20] 5 Am. Jur. Trials at 1023, 1026-27.

[21] Sand, 4 Modern Federal Jury Instructions, § 89-36 (1993).

**ATTORNEY STATEMENTS AT TRIAL**

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but are not evidence. The dollar figure suggested by plaintiff's counsel as appropriate relief in this case is only a comment on the evidence or a suggestion. Such a suggestion is not evidence and you are not bound by it.[22]

---

[22] Philadelphia & Reading Ry. v. Sherman, 247 F.2d 269, 271 (2d. Cir. 1917); Modave v. Long Island Jewish Medical Center, 501 F.2d 1065, 1079 (2d. Cir. 1974); Mileski v. Long Island Railroad Co., 499 F.2d 1169, 1172-74 (2d Cir. 1974); Lightfoot v. Union Carbide Corp., 110 F. 3d 989, 912 (2d Cir. 1997).

FOR THE PLAINTIFF,

By _____
Scott E. Perry (ct17236)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000

### CERTIFICATE OF SERIVCE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 15th day of November, 2004, to Robert O. Hickey, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut  06905.

_____
Scott E. Perry