# UNITED STATES DISTRICT COURT

## District of Connecticut

-------------------------------------------------------X

MICHAEL MARTINO

              Plaintiff,

v.                                     Case Number: 3:02CV0009(WIG)

METRO-NORTH RAILROAD COMPANY,

              Defendant.              NOVEMBER 15, 2004

-------------------------------------------------------X

## DEFENDANT'S PRELIMINARY REQUEST TO CHARGE

      The defendant respectfully submits these preliminary requests to charge based on its present understand of the case.  The defendant reserves its right to supplement these charges based on the evidence admitted at trial.

## REQUEST NO. 1

### PLAINTIFF'S CLAIM UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT

The plaintiff's lawsuit against defendant Metro-North Commuter Railroad is brought under the Federal Employers' Liability Act, also known as the F.E.L.A..  In his claim, the plaintiff alleges that his injuries and damages were caused as a result of the negligence of the railroad.

To recover under this statute, the plaintiff must prove by a preponderance of the credible evidence that his injury resulted in whole or in part from the railroad's negligence.  Therefore, you should disregard any personal views you have concerning "on-the-job" injuries and apply the rule of law that the plaintiff cannot collect any damages from the railroad unless and until it is shown that his injury was caused by the fault or negligence of the railroad.

45 U.S.C. §51

Shenker v. Baltimore & O.R.R., 374 U.S. 1 (1962)

Eaton v. Long Island R.R. Co., 398 F.2d 738, 741 (2d Cir. 1968)

**REQUEST NO. 2**

<u>INSURER</u>

The Federal Employers' Liability Act does not make the railroad an insurer of the safety of its employees while they are on duty.  Likewise, the Federal Employers' Liability Act is not an insurance program.  The plaintiff cannot recover if the railroad was not at fault.  The plaintiff must offer evidence of the railroad's negligence and that the railroad's negligence was the cause of the plaintiff's injury.

<u>Inman v. Baltimore & Ohio R. Co.</u>, 361 U.S. 138, 140, 80 S. Ct. 242, 243, 4 L.Ed 2d 198 (1959)

<u>Conway v. Consolidated Rail Corp.</u>, 720 F.2d 221, 223 (1st Cir., 1983)

<u>O'Hara v. Long Island R. Co.</u>, 665 F.2d 8 (2d Cir., 1981)

<u>Isgett v. Seaboard Coast Line R.R.</u>, 332 F. Supp. 1127, 1139 (1971)

## REQUEST NO. 3

<u>REASONABLY SAFE PLACE TO WORK</u>

The railroad was not required under the law to furnish the plaintiff a place to work which was absolutely safe.  Its duty in that respect was only to exercise reasonable and ordinary care to provide a reasonably safe place for the plaintiff to perform the work he performed.  Furthermore, the railroad is not obligated under the law to eliminate all risks in the work place.  It is only obligated to eliminate unreasonable risks.

<u>Brady v. Southern Ry.</u>, 320 U.S. 476, 88 L.Ed. 239 (1943)

<u>Toledo, St. L. & W.R.R. v. Allen</u>, 276 U.S. 165, 169, 72 L.Ed. 513, 516 (1928)

<u>Conway v. Consolidated Rail Corp.</u>, 720 F.2d 221, 223 (1983)

<u>Tobin v. National Railroad Pass. Corp.</u>, 677 F. Supp. 674, 675 (D. Mass. 1988)

**REQUEST NO. 4**

<u>STANDARD OF CARE</u>

The degree of care required by the reasonable care standard varies with the level of risk involved.  The greater the risk of harm, the greater the required level of care.  You may not find the defendant guilty of negligence for failure to guard against a bare possibility of injury.

Sand, <u>4 Modern Federal Jury Instructions</u> §89-12

<u>Brady v. Southern Ry.</u>, 320 U.S. 476, 483 (1943)

## REQUEST NO. 5

### MERE HAPPENING OF AN ACCIDENT

The mere happening of an accident causing injuries to a plaintiff does not make the railroad liable, nor does it raise any presumption of negligence on the part of a railroad. Accidents frequently occur through no one's fault.  The burden of proof is upon the plaintiff to prove by a preponderance of evidence that the railroad was negligent and that plaintiff's injury resulted in whole or in part from such negligence.

Eaton v. Long Island R.R. Co., 398 F.2d 738, 741 (2d Cir. 1968)

Ellis v. Union Pac. R.R., 329 U.S. 649, 653 (1946)

Wilkerson v. McCarthy, 336 U.S. 53, 61 (1948)

## REQUEST NO. 6

### FORESEEABILITY

The duty of the railroad is measured by what a reasonably prudent person should or could have anticipated as occurring under the circumstances. In other words, the railroad must have been able to foresee that a particular condition or situation would cause injury before you can even consider whether its actions were negligent. Only when the plaintiff proves that his injury was foreseeable or reasonably to be anticipated can you then go on to consider whether or not the railroad was negligent in any way.

Adams v. CSX Transp., Inc., 899 F.2d 536, 539 (6th Cir. 1990)

Peyton v. St. Louis Southwestern R.R. Co., 962 F.2d 832, 833 (8th Cir. 1992)

Hartell v. Long Island R.R. Co., 476 F.2d 462, 464 (2d Cir. 1973)

Robert v. Consolidated Rail Corp., 832 F. 2d 3, 6 (1st Cir. 1987)

## REQUEST NO. 7

<u>REASONABLE PRECAUTION</u>

The defendant cannot be charged with negligence in this case by failing to anticipate that the plaintiff would not take ordinary and proper precautions to protect and safeguard his health and welfare. Railroad employees must as part of their duties exercise due care for their own safety.

<u>Atlantic Coast Line R.R. v. Dixon</u>, 189 F.2d 525, 527 (5th Cir.) <u>cert.</u> <u>denied</u>, 342 U.S. 830

<u>McGivern v. Northern Pac. Ry. Co.</u>, 132 F.2d 213, 217 (8th Cir. 1942)

**REQUEST NO. 8**

<u>NOTICE OF DEFECT OR CONDITION</u>

In order for the railroad to be held liable, the railroad must have knowledge or notice of the conditions complained of by the plaintiff.  If the plaintiff has not proved to you that the railroad had notice of the conditions, then the plaintiff cannot prevail, and your verdict must be for the defendant railroad.

<u>O'Hara v. Long Island R. Co.</u>, 665 F.2d 8 (2nd Cir. 1981)

<u>Gallose v. Long Island R. Co.</u>, 878 F.2d 80, 85 (2d Cir. 1989)

<u>Emig v. Erie Lackawanna Ry. Co.</u>, 350 F.Supp. 986, 988 (W.D. Pa.)

## REQUEST NO. 9

### NOTICE OF VERY DEFECT OR CONDITION

As I just mentioned, in order for the railroad to be found negligent, the plaintiff must prove to you by a preponderance of the evidence that the railroad had some notice, either actual or constructive of the alleged condition which caused the plaintiff's injuries.  This notice must be of the very condition or the specific condition which the plaintiff says occasioned his injuries, i.e., the slippery surface that caused the alleged slip and fall.  If the plaintiff does not prove that the railroad had either actual or constructive notice of that particular alleged defect, then you must find for the defendant.

Kaminski v. Chicago River & I.R.R., 200 F.2d 1 (7th Cir. 1953);

Miller v. Cincinnati, N.O. & T.P. Ry., 317 F.2d 693 (6th Cir. 1963)

New Britain Trust Co. v. New York, N.H. & H.R. Co., 145 Conn. 390

## REQUEST NO. 10

<u>NOTICE OF DEFECT OR CONDITION</u>

A presumption prevails under the Federal Employers' Liability Act, even after proof of certain condition, that the railroad was not aware of its existence, and until it is shown that the railroad knew or should have known of the condition, it is not charged with such knowledge.

<u>Southern Ry. Co. v. Bradshaw</u>, 37 S.E.2d 150 (Georgia App. 1946)

## REQUEST NO. 11

### EMPLOYEES MUST UTILIZE DUE CARE

The defendant cannot be charged with negligence in this case by failing to anticipate that Mr. Martino would not take ordinary and proper precautions to protect and safeguard his health and welfare.  Railroad employees must, as part of their duties, exercise due care for their own safety.  A railroad is not liable for failure to anticipate a lack of care on the part of its employees, such as Mr. Martino.

> Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525 (5th Cir. 1951) cert. denied, 343, U.S. 830, 72 S. Ct. 54, 96 L.Ed. 628
>
> McGivern v. Northern Pacific Railway Co., 132 F.2d 213, 217 (8th Cir. 1942)

## REQUEST NO. 12

<u>CONTRIBUTORY NEGLIGENCE</u>

In addition to denying that any negligence on the part of the railroad caused any injury or damage to the plaintiff, the railroad alleges, as a further defense, that it was negligence on the part of the plaintiff which was the cause of any injuries and consequent damages the plaintiff may have sustained.  Contributory negligence is negligent conduct on the part of the person injured, which plays any part, even the slightest, in producing the injury for which damages are sought.

<u>Page v. St. Louis Southwestern Ry. Co.</u>, 349 F.2d 820 (5th Cir. 1965)

<u>Ganotis v. New York Central R. Co.</u>, 342 F.2d 767, 68-69 (6th Cir. 1965)

<u>Dixon v. Penn Central Co.</u>, 481 F.2d 833 (6th Cir. 1973)

## REQUEST NO. 13

<u>CONTRIBUTORY NEGLIGENCE</u>

If you find that the railroad was negligent and that the plaintiff was himself contributorily negligent, the plaintiff's damages must be reduced in proportion to the amount of his negligence. If for instance you find that the plaintiff's injury was caused 50 percent by the negligence of the defendant and 50 percent by the negligence of the plaintiff, the plaintiff would be entitled to recover 50 percent of the damages which were the direct consequence of the injury.

45 U.S.C. §53

## REQUEST NO. 14

### SOLE CAUSE -- PLAINTIFF'S NEGLIGENCE

Of course, if you find from the evidence that the sole cause of the plaintiff's injury, if any, was his own negligence, then in such event the plaintiff is not entitled to recover in this case, and it would be your duty to return a verdict for the defendant.

Carter v. Atlanta & St. A.B. Ry., 338 U.S. 430, 435 (1949)

New York Cent. R.R. v. Marcone, 281 U.S. 345, 350 (1930)

## REQUEST NO. 15

<u>DUTY TO MITIGATE</u>

An injured party is under a legal obligation to minimize his damages by seeking and submitting to such medical advice and treatment as a reasonably prudent man in similar circumstances would seek and obtain.  If the medical treatment reasonably required to effect a cure or partial recovery from the alleged medical condition involves normally safe treatment presenting no grave or serious risks to the injured party, then the plaintiff is under a duty to undergo such treatment.  If the plaintiff failed to seek or submit to medical treatment which a reasonably prudent person under similar circumstances would have obtained, he may not recover damages for lost earnings, pain or disability, medical expenses, or any consequences which reasonably would have been avoided had such treatment been rendered.

In addition to the plaintiff's duty to lessen his physical or psychological injury or damages, he has a duty to minimize the economic loss resulting from his injury by resuming gainful employment as soon as he reasonably can.  If a plaintiff fails to take reasonable steps to assist in effecting a healing of his injury so as to enable him to return to work, or if he does not resume available employment even though he is physically able to do so, he may not recover damages or earnings lost after the date on which he was or reasonably could have been able to return to some form of gainful employment.

Restatement of Torts, 2d §918

<u>Jones v. Consolidated Rail Corporation</u>, 800 F.2d 590, 593 (6th Cir. 1986)

<u>Trejo v. Denver & Rio Grande Western Railroad Co.</u>, 568 F.2d 181, 184 (10th Cir. 1977)

16

Papisardi v. United Fruit Co., 441 F. 2d 1308, 1312 (2d Cir. 1971)


**REQUEST NO. 16**

DAMAGES MUST BE CAUSED BY NEGLIGENCE

In order for the plaintiff to recover in this case, he must prove by a preponderance of the evidence that any injury he sustained was the result of the negligence of the railroad. You must not speculate in this respect. It is not sufficient for the plaintiff to show that such condition could have been caused by the alleged condition. The railroad is not to be held responsible for any ailments which the plaintiff may suffer which resulted from any cause other than the conditions mentioned in the evidence. Any physical disability which you find to be attributable to any prior accident or condition and which is not a direct result of the conditions complained of is not a part of this action and should not be considered by you. Therefore, any damages or injuries which you find were not caused by the conditions complained of by the plaintiff cannot be considered by you, and the plaintiff cannot recover for them.


Chesapeake & Ohio R.R. v. Carnahan, 241 U.S. 241, 244 (1916)

Maurer v. U.S., 668 F.2d 98, 99 (2d Cir. 1981)

Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1565 (7th Cir. 1990)

## REQUEST NO. 17

<u>DAMAGES TO BE REASONABLE</u>

Any damages you may decide to award must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for injuries as you find, from a preponderance of the evidence in this case, that he has sustained as a result of the conditions which form the basis of the complaint.  You are not permitted to award speculative damages.  You are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Devitt & Blackmar, Fourth Ed., F.J.P.I., § 85.14

## REQUEST NO. 18

<u>INCOME TAX</u>

Any award you make to the plaintiff in this case will not be subject to income tax, and you should not consider such taxes in fixing the amount of your award.

<u>Norfolk & Western Ry. Co. v. Liepelt</u>, 444 U.S. 490, 100 S. Ct. 755, 62 L.Ed. 2d 689 (1980)

**REQUEST NO. 19**

NET LOST EARNINGS

If you make an award for loss of earnings, you must also reduce these earnings by the income tax the plaintiff would have paid had he worked and earned the money and reduce any award for lost earnings by that amount.  That is, if you decide to make an award for lost earnings, you must only award the plaintiff net or after tax earnings.

Norfolk & Western Ry. Co. v. Liepelt, 444 U.S. 490, 100 S. Ct. 755, 62 L.Ed. 2d 689 (1980)

**REQUEST NO. 20**

<u>FUTURE DAMAGES</u>

If you should find that the plaintiff is entitled to a verdict, and further find that the evidence in this case establishes a reasonable likelihood of future pain and suffering, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damage, since the award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that the plaintiff will in effect be reimbursed in advance of the loss, and so will have the use of money which he would not have received until some future date, but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump sum payment of anticipated future loss, the law requires that you discount or reduce to its present worth, the amount of anticipated future loss, by taking (1) the interest rate or return which the plaintiff could reasonably be expected to receive on an investment of the lump sum payment, together with (2) the period of time over which future loss is reasonably certain to be sustained; and then reduce, or in effect deduct, from the total amount of anticipated future loss whatever that amount would be reasonably certain to earn or return, if invested at such rate of interest over such future period of time, and include in the verdict an award for only the present worth, the reduced amount of the total anticipated future loss.

Devitt & Blackmar, Fourth Ed., F.J.P.I. § 85.11

<u>Gretchen v. U.S.</u>, 618 F.2d 177 (2nd Cir. 1980)

<u>Howard v. Chesapeake and Ohio Ry. Co.</u>, 812 F.2d 282 (6th Cir. 1987), <u>cert.</u>

<u>denied</u> 484, U.S. 820

<u>Chiarello v. Domenico Bus Service, Inc.</u>, 542 F.2d 883 (2nd Cir. 1976)

<u>Chesapeake & Ohio Ry. v. Kelly</u>, 241 U.S. 485, 36 S. Ct. 630 (1916)

<u>St. Louis Southwestern Ry. Co. v. Dickerson</u>, 106 S. Ct. 1347 (1985)

Of course, if you are consider the interest they money will earn so as to reduce this award, you should also consider the effect of inflation.  In order to account for the effects of both interest and inflation, you may consider that the interest rate traditionally is 2% higher than inflation and you should, therefore, reduce the amount of the award for future losses by 2% per year.

<u>Doca v. Marina Mercante Nicaraguense</u>, 634 F.2d 30 (2d Cir. 1980), <u>cert. denied</u> 451 U.S. 351 (1981)

<u>Jones & Laughlin Steel Corp. v. Pfeifer</u>, 462 U.S. 523, 103 S. Ct. 2541 (1983)

<u>DeChico v. Metro-North Commuter R.R.</u>, 758 F.2d 856 (2nd Cir. 1985)

## REQUEST NO. 21

<u>PAYMENT OF MEDICAL BILLS</u>

The fact that the railroad paid for some of the plaintiff's medical care does not impose liability upon the railroad for damages, nor is it to be construed as evidence of negligence or an admission of liability.  The only significance of such payment for our purposes here is that the plaintiff cannot recover for any such medical expenses.

<u>Donnelly v. Pennsylvania R.R.</u>, 342 Ill. App. 556, 97 N.E. 2nd 846 (1950)

## REQUEST NO. 22

<u>EXPERTS</u>

In this trial you have heard what is commonly known as expert testimony.  Merely because an expert testifies, however, does not mean that you are bound or obliged to credit their testimony, even if it is uncontroverted.  You are entitled to either accept or reject their testimony as you see fit.  It is in no way binding upon you.  It is up to you to consider it with the other circumstances in the case, and, using your best judgment, determine whether or not you will give any weight to it, and if so, what weight you will give to it.  The weight to be accorded to the testimony of an expert witness depends upon your conclusion as to the proof and completeness of the facts considered by him in drawing his conclusions.  You will determine whether the facts given him were the true facts as you find them and also whether all of the facts you find were made available to him.

Wright, <u>Connecticut Jury Instruction</u>, 2d Ed. § 234

<u>Mather v. Griffin Hospital</u>, 207 Conn. 125, 145 (1988)

**REQUEST NO. 23**

<u>SYMPATHY</u>

Your verdict must be based absolutely and solely upon the evidence here given you on the trial of the case.  You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties.  You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the court, as applied to the facts which you find to be established by the evidence.

Wright & Ankerman, <u>Connecticut Jury Instructions</u>, 4th Ed., § 312(a)(b)

## REQUEST NO. 24

### EQUAL STANDING

You must consider and determine this case as litigation between persons of equal

standing in the community.  You should not be influenced or affected by the fact that the

defendant is a railroad or a corporation, nor should you be in any way influenced by any

thoughts or ideas you may have as to the financial standing of any party to this litigation.  Such

matters have no proper place in a case of this kind.  This case is to be considered and determined

by you in the same unbiased way as you should consider and determine a case between two

private individuals.

Story v. Green, 164 Ca. 768, 772 (1913)

Snakenberg v. Minneapolis & St. L. Ry., 194 Iowa 215, 188 N.W. 935, 939

(1922)

Hoag v. Washington-Oregon Corp., 75 Ore. 588, 147 Pac. 75, 761 (1915)

THE DEFENDANT
METRO-NORTH RAILROAD COMPANY,


BY _____
           Robert O. Hickey (19555)
           Ryan, Ryan, Johnson & Deluca, LLP
           80 Fourth Street
           Post Office Box 3057
           Stamford, CT  06905
           Tel. No. 203-357-9200


## CERTIFICATE OF SERVICE

       I certify that I delivered a true and correct copy of the foregoing via facsimile and United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Scott Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

this __15TH  day of November, 2004.


_____
Robert O. Hickey


27