United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

12-1-    2004
Kevin F. Rowe, Clerk
By: _____
    Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTCUT

_____X

| | |
|---|---|
| MICHAEL MARTINO, | CIVIL ACTION |
| Plaintiff | NO. 3:02CV0009 (WIG) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | December 1, 2004 |

_____X

## PLAINTIFF'S SUPPLEMENTAL JURY CHARGES

These Proposed Charges are based on the plaintiff's present understanding of the case and he reserves the right to submit additional proposed charges.

**CONTRIBUTORY NEGLIGENCE** [Only if the court rules that the defendant is entitled to a defense of contributory negligence].

In addition to denying that any negligence of the railroad caused any injury or damage to the plaintiff, the railroad alleges, as a further defense, that some contributory negligence on the part of the plaintiff was a cause of any injuries and consequent damages he may have sustained. Contributory negligence is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.[1] The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff himself was also at fault, and that such fault contributed to one of the causes of any injuries and consequent damages plaintiff may have sustained. You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place or under unsafe conditions.[2]

If you find that the plaintiff was in some respect contributorily negligent, this finding does not defeat his right to recover damages, rather it would result in a reduction of the plaintiff's damages in proportion to the amount of negligence attributable to the plaintiff.[3]

---

[1] Taylor v. Burlington Northern R.R., 787 F.2d 1309, 1316 (9th Cir. 1986).

[2] F.J.P.I. § 94.16.

[3] Almendarez v. Atchison, T. & S.F. Ry. Co., 426 F.2d 1095 (1970); Chicago, R.I. & P.R. Co. v. Powers Foundation Drilling Co., 294 F. Supp. 921, 924 (W.D. Okla. 1968).

## TAKE PLAINTIFF AS YOU FIND HIM AND AGGRAVATION OF PRE-EXISTING CONDITION

There was evidence that prior to the accident the plaintiff had pre-existing conditions that existed prior to February 26, 1999. The railroad is only liable for damages you find to be caused by the occurrence of February 26, 1999. If you find the plaintiff's pre-existing conditions, made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances. If you find the defendant negligently caused further injury or aggravation to any pre-existing condition the plaintiff had, the plaintiff is entitled to compensation for all his damages caused by the incident, including further injury or aggravation.[4]

---

[4] Stevens v. Bangor and Aroostook Railroad Co., 97 F.3d 594, 601 (1st Cir. 1996); Maurer v. United States, 668 F.2d 98 (2nd Cir. 1981); Wise v. Union Pacific RR Co., 815 F.2d 55 (8th Cir. 1987).

FOR THE PLAINTIFF,

By *[signature]*
Scott E. Perry (ct17236)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

**CERTIFICATE OF SERIVCE**

I hereby certify that a copy of the foregoing was hand delivered, on this __1__ day of December, 2004, to Robert O. Hickey, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.

*[signature]*
Scott E. Perry