United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

/2 2-                    2004

... L. Lowe, Clerk

By Carol Sander
Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

----------------------------------------------------------x

**MICHAEL MARTINO** :

      **Plaintiff,** :

      **v.** :

**METRO-NORTH RAILROAD COMPANY** :

      **Defendant** :

----------------------------------------------------------x

**CIVIL ACTION NO.
3:02-cv-0009(WIG)**

## INDEX TO JURY CHARGE

| | |
|---|---|
| Standard Charge | 2 |
| Election of Foreperson | 2 |
| Duty of Jurors | 2 |
| Function of the Court and the Jury | 3 |
| Conduct of Counsel | 4 |
| Statements of the Judge and Counsel | 4 |
| Burden of Proof | 5 |
| Evaluating Evidence | 6 |
| Direct and Circumstantial Evidence | 7 |
| Witness Credibility and Weight of Testimony | 8 |
| Expert Witness | 10 |
| Corporation as Party | 10 |
| Impeachment of a Witness | 11 |
| Uncontradicted Testimony | 11 |
| Substantive Charge | 11 |
|     Contributory Negligence | 15 |
| Damages | 16 |
| Mitigation of Damages | 17 |
| Aggravation of Pre-Existing Condition | 17 |
| Use of Verdict Form | 18 |
| Note Taking | 19 |
| Conclusion | 19 |

## I.  **STANDARD CHARGE**

Members of the jury, you have listened to and seen the evidence in this case, and you have heard the arguments of counsel. I shall now instruct you concerning the law applicable to this case. You will then return to the jury room to deliberate in accordance with these instructions. At the outset, I want to express my thanks to you for the time and energy and patience you have devoted to this trial.

### A.  **ELECTION OF FOREPERSON**

Your first order of business will be to elect a foreperson who will preside over your deliberations and who will be your spokesperson here in Court. The foreperson's responsibilities are to see that everyone gets a fair chance to speak and to be heard, and to maintain harmony and keep tempers and voices down. Also, the foreperson is responsible for sending out any notes that have to be sent to us. Beyond these responsibilities, however, the foreperson is no different than the other jurors. He or she has no greater vote and no greater power than any other juror.

### B.  **DUTY OF JURORS**

It is your duty as jurors to follow the law as I state it to you in these instructions, and to apply that law to the facts as you find them from the evidence in the case. If any attorney or any witness or exhibit has stated a legal principle different from anything that I state to you in my instructions, you must ignore any contrary interpretations of the law you may have heard and you must follow my instructions.

Even if you have opinions on what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the Court. It would also be a violation of your sworn duty if you were to base any finding of fact on

2

anything other than the evidence presented to you in this case.

Finally, you must put aside any personal feelings you may have about the parties in this case. You must perform your duties without bias or prejudice as to any party. Our system of law does not permit jurors to be governed or affected by sympathy or by prejudice. All persons are considered equal before the law.

### C.    FUNCTION OF THE COURT AND THE JURY

It is my function, and indeed my duty, to instruct you on the law applicable to this case. I may state a rule or direction in varying ways, or I may repeat certain instructions. If I do, I am simply trying to explain what might be a complex idea, and I am not intending to give that one particular instruction any emphasis, nor should you infer any emphasis. You are to consider these instructions as a whole. You are not to single out any one instruction or any particular sentence, and ignore the others. Also, the order in which I instruct you about these things has no particular significance.

At this time, your function as members of the jury is to consider the evidence that you have heard in this courtroom and to determine the facts. You are the sole and exclusive judges of the facts. Your determination of the facts is conclusive and it is your own recollection of these facts that governs. Therefore, if, upon reflection and deliberation, your recollection of the facts is different from what the lawyers asserted in their closing arguments, please disregard what the lawyers have said in that regard and rely solely upon your own recollection. You will get a copy of these instructions to take with you in the jury room.

### D.    **CONDUCT OF COUNSEL**

The lawyers in this case had a duty to object when the other side offers testimony or other evidence that the lawyer believed is not properly admissible. The lawyers also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me, as the Court. You must not allow any preferences or sympathy or feelings about the conduct of counsel to enter into your decision-making process. Any preferences as to counsel or feelings about their conduct must be put aside in your deliberations.

### E.    **STATEMENTS OF JUDGE AND COUNSEL**

At times throughout the trial, I was called upon to make rulings on various matters of law. I may have sustained some objections and I may have overruled others. Please do not draw any inferences from the fact that I sustained or overruled objections. For example, if I allowed testimony or other evidence to be introduced over the objections of one of the lawyers, I did not mean to indicate that I have any opinion as to the weight or effect of such testimony or evidence. If, however, I sustained an objection as to certain questions, you must entirely disregard those questions. Nor should you consider any answers to those questions that may have come out before the objections were sustained. Finally, you should not attempt to infer what the answers to the questions would have been, if the questions had been allowed.

If during the trial I said anything or indicated anything in the questions that I might have asked of the various witnesses or counsel, which may have led you to believe that I am inclined to favor the position of one of the parties, you must completely disregard that. It was not my intention to encroach upon your function in determining the facts of this case. My questions of witnesses were asked purely for purposes of clarification and to attempt to assist you in

4

understanding the case.

### F.    **BURDEN OF PROOF**

Now, I would like to explain the burden of proof. As I mentioned to you at the beginning of trial, this is a civil case. All of you have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you have to put it out of your mind.

In all civil cases, the plaintiff has the burden of proving each essential element of his claim to you by a preponderance of the evidence. All this really means is that if the plaintiff is trying to prove a fact to you, he must show that the fact is more likely true than not true. "Preponderance of the evidence" also means "the greater weight of the credible evidence." By "credible evidence," the law simply refers to that evidence which you find worthy of belief. By "weight of the evidence," the law refers not, for example, to the number of witnesses or exhibits, but rather, to the quality of the evidence on one side or the other.

In order for the party with the burden of proof to prevail on a particular claim or a particular defense, your consideration of all the credible evidence must tend to persuade you to believe what that party claims. If after considering all of the evidence, you find that it weighs in favor of that party, then that party has sustained its burden of proof and you must render a verdict in that party's favor. If, however, the evidence weighs in favor of the other party, or even if, in your mind, the evidence is evenly balanced between the two sides, then the party with the burden of proof has failed to sustain the party's burden of proof and your finding must be for the other party. To put it differently, if you were to put all of the plaintiff's evidence on one side of a scale, and all of the defendant's evidence on the other side of the scale, the plaintiff would have to make

the scales tip somewhat in his favor to meet his burden of proof. If he fails to meet this burden, the verdict must be for the defendant.

In evaluating whether a party has carried the burden of proof by a preponderance of the evidence, your conclusion cannot be based on mere speculation or conjecture. You are permitted, however, to draw reasonable inferences from the facts that you find to have been proven. Inferences are deductions or conclusions which reason and common sense lead you to draw from such facts.

### G.    **EVALUATING EVIDENCE**

At this point, I want to give you a few words on evaluating the evidence in this case. At the outset, I want to mention that I am not going to review the evidence for you. I am sure the evidence is still fresh in your minds, and counsel have just reviewed their factual contentions in their summations. If any comments that I do make about the evidence differ from your own recollection, it is still your recollection that controls, not mine.

In performing your crucial responsibility of finding the facts, you must base your conclusions solely and exclusively upon the evidence that has been presented. There are several types or classifications of evidence:

First, there is the sworn live testimony of the witnesses you have heard in the courtroom and deposition testimony.

Second, there are the exhibits that have been introduced into evidence, regardless of which party introduced them.

Third, there are the stipulations of the parties.

While you must consider only the evidence presented in this case, you are permitted to

draw reasonable inferences from the testimony and evidence. A reasonable inference is not the result of guesswork or speculation. Rather, it is a conclusion that reason and common sense lead you to draw from the evidence presented in the case.

### H.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

As a general rule, there are two types of evidence from which you may find the truth as to the facts of this or any other case: direct evidence and circumstantial evidence. Simply put, direct evidence is the testimony of one who asserts actual knowledge of a fact, for example, an eyewitness to an event. Circumstantial evidence, generally put, is proof of a chain of facts and circumstances that may indicate the existence or non-existence of a fact.

Now, to illustrate the difference between direct and circumstantial evidence, let us assume that a fact in dispute in a case is whether it was raining on a particular afternoon. If a witness testified that he or she personally saw it raining that day, then we would say that we had direct evidence of that fact. On the other hand, if a witness testifies that he or she was in a windowless room on that afternoon, but that when the witness came inside, the sky was overcast, and that while the witness was in the room, one person entered with a dripping wet umbrella while another walked in wearing a wet raincoat, we would say that we have circumstantial evidence of the fact that it was raining.

That is a very simple illustration.

Importantly, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding a charge proven, or a fact established, the jury must be satisfied of the proof of that charge or fact by the appropriate standard--preponderance of the evidence--which I have just discussed.

7

I would also like to review for you what is not evidence. Testimony that has been stricken or excluded by the Court is not evidence and may not be considered by you in rendering your verdict. What the lawyers have said in their opening statements, closing arguments, in their objections, or in their questions is not evidence. Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence, and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. In addition, materials brought forth only to refresh a witness' recollection are not evidence. Finally, anything you have seen or heard outside the courtroom is not evidence in the case and must be entirely disregarded.

## I.    WITNESS CREDIBILITY AND WEIGHT OF THE TESTIMONY

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept as believable, and what weight you attach to it. You are not obligated to accept all of the evidence as true and accurate. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony. The testimony of a witness might not conform to the facts as they occurred because the witness is intentionally telling a falsehood, because the witness did not accurately see or hear that about which he or she testified, because the witness' recollection of the event is faulty, or because the witness has not expressed himself or herself clearly. As you weigh each witness' testimony, consider how he or she testified on the stand. You watched each witness testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright

8

and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor--that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not just what a person says, but how he or she says it that helps us evaluate his or her testimony.

There is no magic formula by which one may evaluate testimony.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others.  The same tests that you use in your everyday dealings are the tests that you should apply in your deliberations here.

The factors to be taken into your consideration in determining the weight, if any, you will assign to a witness' testimony include the interest or lack of interest of the witness in the outcome of this case; the bias or prejudice of the witness, if there is any; the appearance of the witness and the manner in which the witness gives testimony on the stand; the opportunity that the witness had to observe the facts about which he or she testified; any reason for the witness to remember or forget, the accuracy of the witness' memory, candor or lack of candor; and the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If in your deliberations it becomes apparent that there is a discrepancy in the evidence, you will have to consider whether the discrepancy may be reconciled by fitting the two or more stories together.  If, however, that is not possible, you will have to determine which of the conflicting versions you accept.

Also, the weight of the evidence is not necessarily determined by the number of witnesses

testifying to the existence or non-existence of any facts or the number of exhibits a party introduced. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### J.   **EXPERT TESTIMONY**

In this trial you have heard what is commonly known as expert testimony. Merely because an expert testifies, however, does not mean that you are bound or obliged to credit their testimony, even if it is uncontroverted. You are entitled to either accept or reject their testimony as you see fit. It is in no way binding upon you. It is up to you to consider it with the other circumstances in the case, and, using your best judgment, determine whether or not you will give any weight to it, and if so, what weight you will give to it. The weight to be accorded to the testimony of an expert witness depends upon your conclusion as to the proof and completeness of the facts considered by him in drawing his conclusions. You will determine whether the facts given him were the true facts as you find them and also whether all of the facts you find were made available to him.

### K.   **CORPORATION AS A PARTY**

All parties come to court as equals under the law. They are entitled to the same rights and they are held to the same obligations under the law. For example, a corporation and a natural person are entitled to the same consideration, no more and no less, and each of the parties has a right to have this case decided fairly under the law. In considering a corporation, you should understand that a corporation can only act through its officers, employees, and agents. Consequently, in assessing the corporation's liability, you should consider the actions of the

corporation's officers and supervisory employees.

### L.   IMPEACHMENT OF A WITNESS

A witness may be discredited or as we say "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness' present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness' testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

### M.   UNCONTRADICTED TESTIMONY

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

### II.   SUBSTANTIVE CHARGE

The plaintiff, Michael Martino, alleges that the defendant--Metro-North Railroad violated the Federal Employers' Liability Act or FELA, 45 U.S.C. § 51 et seq., by failing to provide him a reasonably safe place to work. Under FELA, "every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any officers, agents, or

11

employees of such carrier." Therefore, Metro-North has a duty under the FELA to provide its employees with reasonably safe, suitable and adequate premises. Liability may be imposed for injuries resulting from premises that are not reasonably safe due to design or lack of maintenance.

Before finding for the plaintiff in this case, you must find by a preponderance of the evidence that the plaintiff has proved each of the following elements:

    1) the defendant is a railroad engaged in interstate commerce;

    2) the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

    3) the defendant or one of its employees or agents was negligent; and

    4) such negligence played a part, no matter how slight, in bringing about Plaintiff's injury.

The parties agree that Metro-North is a railroad engaged in interstate commerce and that Mr. Martino was an employee at the time of the incident, therefore you need not consider the first two elements.

The third element is whether Metro-North or its employees or agents were negligent. Even if you find that Mr. Martino was injured during his employment this does not automatically entitle him to recover from Metro-North. The plaintiff cannot recover if the railroad was not at fault. In order for you to find for the plaintiff, you must find that he was injured during his employment and that Metro-North failed in its duty to guard against a risk or danger of which it knew, or by the exercise of due care should have known, could cause injury or harm to Mr. Martino. Metro-North is held to a "reasonably prudent person" standard of care. This means that

12

Metro-North had a duty to Mr. Martino to exercise the degree of care that a reasonably prudent person would have exercised under the same circumstances. Metro-North is not required to furnish a workplace that is risk-free, it need only exercise reasonable and ordinary care to provide a reasonably safe place for the plaintiff to work.

If Metro-North or any of its employees knew or should have known of an unreasonable risk in the workplace, and yet failed to exercise reasonable care to inform and protect its employees, then it can be said to have breached its duty of care to Mr. Martino. Mr. Martino is not required to demonstrate that his particular injury or its severity could have been anticipated by Metro-North. He is only required to show that Metro-North was aware of unreasonable risks and that it failed to use reasonable care in its response. Unreasonable risks are conditions or situations that Metro-North could foresee would cause injury. Only when the plaintiff proves that his injury was foreseeable or reasonably to be anticipated can you then go on to consider whether or not Metro-North was negligent in failing to take measures to eliminate the condition or situation.

Risks of injury or harm are foreseeable if a defendant knew or, through the exercise of reasonable care, should have known of a particular risk or danger. Therefore, you may consider any evidence presented concerning the actual knowledge of Metro-North or its foreman or other agents. You may consider any evidence presented concerning whether the risk was brought to the attention of Metro-North or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous. If the plaintiff has not proved to you that the railroad had notice of the alleged hazardous conditions, then he cannot prevail, and your verdict must be for Metro-North.

13

There are two types of notice: actual notice and constructive notice. Actual notice is such notice as is proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him on inquiry. Constructive notice is information or knowledge of a fact imputed by law to a person -although he may not actually have it - because he could have discovered the fact by proper diligence, and his situation was such that he had a duty of inquiring into it.

Metro-North has a continuing duty to exercise reasonable care to maintain its premises in a reasonably safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and a duty to discover any defect which would render such premises unsafe. Metro-North has an affirmative duty to make adequate inspections on all of its property to discover dangers and will be held to have constructive notice of dangers which could have been discovered but were not because of failure to conduct reasonable inspections.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on actual knowledge, statements, complaints or protests or reasonable inspection, and you find that Metro-North failed to take such reasonable precautions, then you may find that it was negligent. Metro-North's duty is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.

As part of its duty to exercise reasonable care for the protection of its employees, Metro-North had a duty to make and publish to its employees sufficient and necessary rules and regulations and prescribe such proper and adequate procedures for them to follow as reasonable care required under the circumstances.

If you find by a preponderance of the evidence that Metro-North failed to exercise

14

reasonable care to provide Mr. Martino with a reasonably safe place to work or with reasonably safe work conditions, then Metro-North can be said to have been negligent.

The fourth element you must consider is causation. You must determine whether the negligence of Metro-North, or its employees or agents, played a part, even the slightest part, in bringing about an injury to the plaintiff. The law recognizes that there can be more than one cause of an injury; many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a cause. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the railroad's negligence played any part, no matter how slight, in causing an injury to the plaintiff.

### Contributory Negligence

In addition to denying that any negligence of the railroad caused any injury or damage to the plaintiff, Metro-North alleges, as a further defense, that some contributory negligence on the part of Mr. Martino was a cause of any injuries and consequent damages he may have sustained. A plaintiff may be found to be contributorily negligent if his careless act or omission played any part, even the slightest, in producing his injury at issue in this lawsuit. Metro-North has the burden to prove, by a preponderance of the evidence, Mr. Martino's contributory negligence. You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place or under unsafe conditions. Mr. Martino had the right to assume that the railroad has taken reasonable precautions to eliminate potential hazards at the work site. If you find that the plaintiff was in some respect contributorily

15

negligent, this finding does not defeat his right to recover damages; rather it would result in a reduction of the plaintiff's damages in proportion to the amount of negligence attributable to the plaintiff.

## III.    **DAMAGES**

Now, if you find for the defendant on liability, you do not need to consider damages. If, however, you have found for the plaintiff on his claim, you must next consider the issue of damages, which is the amount of money to be awarded. The fact that I am instructing you on the subject of damages does not mean that I have an opinion, one way or the other, on whether you should or should not reach the issue of damages in your deliberations. Instructions on damages are given for your guidance in the event you do reach the issue of damages.

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the railroad's negligence:

(a) You may include in your verdict the plaintiff's loss of earnings shown by the evidence in the case to be proximately caused by the injuries as a result of the incident in question to January 2, 2000.

(b) You may include in your verdict the plaintiff's lost fringe benefits and pension benefits from the date of the accident to January 2, 2000.

(c) In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by him and proximately resulting from

16

the injuries in question from the date of the accident through July 2000.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life. The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff in this regard.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

### Mitigation of Damages

Additionally, you are instructed that the plaintiff has a duty to mitigate his damages, that is--to exercise reasonable diligence under the circumstances to minimize his damages. On this issue, however, the burden of proof is on Metro-North, and thus, the defendant must prove by a preponderance of the evidence that the plaintiff failed to take reasonable steps to mitigate his damages. Mr. Martino had a duty to use reasonable efforts to mitigate or minimize his damages by resuming gainful employment as soon as he reasonably could. If you find that Metro-North has proved that Mr. Martino failed to take reasonable steps to resume employment and that he was physically able to do so, he may not recover damages or earnings lost after the date on which plaintiff reasonably could have been able to return to work.

### Aggravation of Pre-Existing Condition

There was evidence that prior to the accident the plaintiff had pre-existing conditions.

The railroad is only liable for damages you find to be caused by the occurrence of February 26, 1999. If you find the plaintiff's pre-existing conditions, made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances. If you find the defendant negligently caused further injury or aggravation to any pre-existing condition the plaintiff had, the plaintiff is entitled to compensation for all his damages caused by the incident, including further injury or aggravation.

However, Metro-North cannot be held responsible for any ailments or damages which the plaintiff may have suffered which resulted from any cause other than the incident at issue in this lawsuit.

## IV.   VERDICT FORM

To assist you in your deliberations, you will have a special verdict sheet that you must complete and return to the Court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date, and sign the verdict form. You will then inform the marshal that you have reached a verdict. The special verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and those instructions must govern your deliberations. The special verdict sheet reads as follows:

**[READ THE INTERROGATORIES FROM THE SPECIAL VERDICT FORM]**

18

## VI.    NOTE TAKING

You were permitted to take notes during the course of the trial, and I noticed that some of you have taken notes.  Those notes should be used solely as aids to jog your memory.  You should not give your notes importance over your own independent recollection of the evidence.  The notes are not evidence in themselves and should not be shared with anyone else.  If you did not take notes, you should, of course, rely--as you would--on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors.  I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony and evidence was.

## VII.    CONCLUSION

In a moment you will retire to begin your deliberations, and as you do, please be careful to listen to the opinions of other jurors as well as to ask for an opportunity to express your own views.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. No one holds center stage in the jury room or controls or monopolizes the deliberations.  Do not be afraid to express your views, and do not be afraid to change your views because of pride of opinion if you later become convinced that your original views were wrong.

While you should not give in because you are outvoted, please listen carefully though to the position taken by the other jurors in attempting to facilitate the course of justice by reaching a unanimous verdict.  You cannot, however, surrender your own good conscience toward that end if you do not in good conscience agree with the other jurors.  Justice through trial must always depend upon the willingness of each individual juror to seek the truth as to the facts.

Now, here in federal court, your verdict must be unanimous, and it must represent the

considered judgment of each juror. In order to return a verdict, it is necessary that each of you agree to it. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

You are about to go into the jury room to begin your deliberations. You will have all the exhibits, the verdict form, and a copy of these instructions with you. During your deliberations, if you have any questions, or if you want to hear any of the testimony played back for you, you will be brought back into the courtroom. Please remember that it is not always easy to locate what you might want, so if you wish to hear testimony, be as specific as possible in your request.

Your requests for testimony and, in fact, any communication with the Court must be made to me in writing, signed by your foreperson, and given to one of the marshals. I must also caution you that, in your communications with the Court, you should never specify how the jury stands--for example, your numerical division or otherwise. I will respond to your request as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. After you have retired to begin your deliberations, you are not to leave the jury room without first notifying the marshal, who will escort you. And, no deliberations may take place without all jurors being present. When you have reached your verdict, inform the clerk, Carol, through the marshal. Then you will return to the courtroom and announce your verdict.

It is proper to add a <u>final</u> caution: Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you.

**Counsel may approach the bench. "Exceptions or additions?"**

20

Alright, members of the jury, this is an important case. Every case is important to the parties who are involved in it, and this case is no exception. It is your duty to reach a verdict without being affected by any sympathy, bias, or prejudice. All of the parties want you to make a decision, and all of them want that decision to be a fair one. Although any party naturally hopes that it will receive a verdict in its favor, everyone is looking for a final and fair decision. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you.

The jury may retire.